NATIONAL SAVINGS & LOAN ASSOCIATION, Plaintiff-Respondent, v. RUSSEL L. STEWART, a/k/a Russell Stewart, and another, Defendants-Appellants: WARJO CONSTRUCTION, INC., and others, Defendants.

Court of Appeals, District II

*No. 77-442. Submitted on briefs July 18, 1978.—*
*Decided September 1, 1978.*
(Also reported in 270 N.W.2d 247.)

For the appellant the cause was submitted on the briefs of *Vernon Erbstoeszer* and *Erbstoeszer, Cleary & Misey, Ltd.* of Milwaukee.

For the respondent the cause was submitted on the brief of *Thomas G. Duggan* and *Fons, Fons, Duggan, Swietlik & Lynch, S.C.* of Milwaukee.

Before R. W. Hansen, Reserve Judge, Brown, J., and Bode, J.

BROWN, J.   Respondent, National Savings and Loan Association, sought foreclosure of their first mortgage against Warjo Construction, Inc. National joined other defendants for a full determination of their respective lien and judgment rights.

Russel L. Stewart and Edmund Sulkowski were second mortgagees named as defendants.   They had sold the

land in question to Warjo for $8,000 plus a second mortgage. They filed an answer and then an amended answer. The amended answer contained affirmative defenses. These defenses maintained that there was a duty owed by National to the second mortgagees. National had placed $81,672.50 into a "construction loan account" from which it disbursed the entire amount to Warjo over a period of time. This was done upon written requests and presentation of mechanics lien waivers from subcontractors and materialmen. The second mortgagees claimed that National failed to properly apply these mortgage proceeds to the construction of improvements on mortgaged premises as was their duty.

National brought a motion for summary judgment. Both parties submitted briefs and affidavits in support of their respective positions. The court also reviewed depositions taken. In the second mortgagees' brief, they raised an additional defense not raised in their pleadings. This defense was that National had never formally executed a loan commitment and, therefore, the first priority of National was ineffective. The court rightfully ignored this issue, since it was not raised in second mortgagees' amended answer and was therefore waived.

The summary judgment motion was granted by the trial court. The trial court considered only the issue of whether National owed a duty to second mortgagees to properly apply mortgage proceeds. The trial court ruled that there was no duty.

What happened following the granting of the motion for summary judgment is the disturbing feature of this case.

First, National moved for a default on its foreclosure complaint. At the hearing on the default, the second mortgagees appeared in court and again brought up the issue regarding the formal loan commitment. The trial court did not rule that the issue had been waived by

failure to state this affirmative defense in the second mortgagees' responsive pleading. Instead, the trial court, on the record, reserved the issue for a hearing at a later date and also reserved the issue of priority for later determination.

Second, despite the court's pronouncement that the formal loan commitment issue was reserved for a future ruling before determining priority, National drafted a foreclosure judgment giving themselves first priority.

Third, it appears that the five foreclosure cases were originally divided between Judge Voss' court and Judge Raskin's court. Since the facts were virtually the same, the attorneys had apparently agreed to consolidate the cases all in Judge Voss' court. The record indicates, however, that this was never done. Thus, Judge Raskin signed judgments which properly should have been for Judge Voss' signature.

Moreover, the judgment shows that Judge Raskin signed the judgment over Judge Voss' name. Why National's counsel did not take the proposed judgments to the judge in whose court the case belonged is unclear from the record. We will not speculate as to the reasons why.

The record of the whole case shows an abundance of misunderstanding. Faced with a similar situation in *Erickson v. Westfield Milling & Electric Light Co.,* 263 Wis. 580, 589, 58 N.W.2d 437, 441 (1953), our supreme court said:

"The record of the whole case shows such an abundance of misunderstanding, cross-purposes, and frustration that dismissal would leave us with a strong belief that the issues had not been fully tried nor justice done. . . . We suggest that a timely amendment of pleadings will enable the parties and the trial court to recognize and deal with the questions in dispute more

satisfactorily than appears to have been possible upon the pleadings which governed the first trial."

Here, we are concerned with the fact that if counsel is told something by the court in the courtroom and on the record, he should be able to rely on it whether or not the court is in error. There are proper procedures for dealing with error. Drafting a judgment inconsistent with the court's order and having it signed by another judge is not one of them.

National had Judge Raskin sign the default foreclosure judgment knowing full well that an issue remained unresolved before Judge Voss.

Because of these errors in the record and the apparent misunderstandings that occurred, we reverse in the interests of justice and remand for a new trial. We suggest that second mortgagees satisfactorily amend their pleadings so that the issues may be properly and fully heard.

*By the Court.*—Judgment reversed; order granting summary judgment reversed. Case remanded for new trial.